MEMORANDUM **
Marco Godinez appeals his conviction and sentence for possession with intent to distribute a controlled substance. Godinez claims the district court erred by failing to have an in camera, ex parte hearing to assess the credibility of a confidential informant. We review the district court’s denial of a defendant’s request for an evidentiary hearing on his motion to suppress for abuse of discretion. United States v. Howell, 231 F.3d 615, 620 (9th Cir.2000). We review de novo the district court’s finding of probable cause. United States v. McIver, 186 F.3d 1119, 1128 (9th Cir. 1999). Because there is ample probable cause to support the warrant without the confidential informant’s statements, we affirm the district court’s decision to deny an evidentiary hearing.
Under United States v. Reeves, 210 F.3d 1041, 1044 (9th Cir.2000), a defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if: (1) the defendant can make a substantial preliminary showing that the affidavit contains intentionally or recklessly false statements or misleading omissions and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. The precise language of Reeves suggests a defendant challenging the validity of a warrant by questioning the reliability of a confidential informant is entitled to an in camera, ex parte hearing to determine whether the defendant “has made a ‘threshold substantial showing of falsehood.’ ” Id. However, such a hearing is unnecessary here because there is probable cause to support a warrant even without the information from the confidential informant. Godinez twice sold drugs to an undercover agent, bragged to the agent about his drug connections in Mexico, and inquired about purchasing guns and silencers. Because these transactions and Godinez’s incriminating statements, standing alone, constitute probable cause, Godinez cannot satisfy the second prong of the Reeves test. See Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (Probable cause is defined as a “fair probability that contraband or evidence of a crime will be found in a particular place.”) Consequently, there was no need for an evidentiary hearing.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.